[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 3, 1995, the plaintiff, Linnard Inabinet, was on his way to work at his part-time job at Yale New-Haven Hospital when he decided to purchase a package of gum. He parked on Dixwell Avenue in front of the store which was his intended destination, made his purchase, returned to his car, a 1994 Mazda Protege, opened his gum and prepared to head to work. Observing a cab, owned by the defendant Metro Taxi Co., Inc. and operated by the defendant Rolando Mullings, pulling out from behind him, Inabinet decided to wait. Immediately thereafter, the cab struck the rear of Inabinet's Mazda causing Inabinet to jerk forward and back. Because he was already restrained by his seatbelt, Inabinet did not strike the steering wheel or any other part of the vehicle.
The defendants have admitted, in their answer dated April 15, 1997 and filed April 17, 1997, "contact between the front of the defendants' vehicle and the rear of the plaintiffs vehicle." Mullings told the responding police officer that he was parked behind Inabinet's car "when he observed two [individuals] suspiciously approaching. Thinking they were about to rob him he attempt [sic] to pull off quickly but struck [Inabinet's vehicle] in the process." Exhibit 1. The impact left a minor ripple or impression on the rear bumper of Inabinet's Mazda. See exhibit B.
Although emergency medical personnel responded to the scene, Inabinet decided to proceed to work at the hospital and seek treatment in the emergency room. He first reported to work and then presented at the emergency room, complaining of neck and lower back pain. He was diagnosed with muscle strain and prescribed Motrin. Exhibit 2. He did not return to work that night, missing an eight hour shift. At the time, Inabinet earned $10 an hour.
On June 6, 1995, Inabinet sought treatment from Dr. Raymond Herring, a chiropractor who had been recommended by Inabinet's attorney, with complaints of neck and lower back pain. Inabinet began treatments with Herring and within a week he began feeling better. However, because he was still experiencing some symptoms Herring wanted him to continue treatment and Inabinet complied. Although his symptoms were almost completely gone after a month of treatment, Inabinet continued to treat because he did a lot of lifting in his full-time job at the Yale Sterling CT Page 6733 Library and he again followed Herring's recommendation that he continue treatment. According to Herring's records, Inabinet did report periodic flare-ups and pain in the lumbar region through September 6, 1995. Treatment terminated on December 5, 1995. Exhibit 3.
Inabinet testified that he still gets some stiffness in his back which is brought on by the lifting on his job. In addition, his stiffness somewhat hinders his coaching activities with a Pop Warner football league. Inabinet incurred medical bills in the amount of $3727.30.
There is no question of liability in this case. Not only did the defendants admit "contact," the only evidence in this case is that Inabinet's vehicle was struck by the cab as it attempted to quickly pull out from behind him. The fact that there was only minimal damage to Inabinet's vehicle does not negate the impact or the resulting injury.
The court concludes that Inabinet sustained muscle strain of the neck and low back. This injury was particularly unfortunate for Inabinet because his work required him to lift boxes of books on a regular basis. Although he did not miss any work due to the injury, the nature of his work required him to continue to treat longer than one might ordinarily expect for a muscle strain. The court will not fault Inabinet for being prudent in following the recommendations of his medical provider and continuing to treat. The court does not find the medical treatment to be excessive under the circumstances of this case. However, there is no credible evidence that Inabinet has sustained any permanent injury as a result of the accident.
The court further finds that Inabinet suffered from the discomfort and pain naturally associated with muscle injury of the type Inabinet sustained. Other than his limitations in coaching Pop Warner football, there is no evidence that Inabinet was unable to participate in any other activities of life.
Accordingly, the court finds in favor of the plaintiff and awards damages as follows:
 Economic Damages: $3,807.30 Non-economic Damages: 4,750.00 _________ Total Damages: $8,557.30
Judgment shall enter in favor of the plaintiff Linnard Inabinet and against the defendants Rolando Mullings and Metro Taxi in accordance with this decision. CT Page 6734
Linda K. Lager, Judge